[Cite as *State v. Carter*, 2016-Ohio-8130.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 16AP-58 |
| v. | : | (C.P.C. No. 15CR-2163) |
| Allen A. Carter, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 13, 2016

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Michael P. Walton,* for appellee. **Argued:** *Michael P. Walton.*

**On brief:** *Dennis W. McNamara,* for appellant. **Argued:** *Dennis W. McNamara.*

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Allen A. Carter is appealing from his conviction on a charge of possession of heroin, a felony of the second degree. He assigns a single error for our review:

> THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO SUPPRESS.

{¶ 2} Carter was in a motor vehicle which was pulled over by Columbus Police Officers. There were no active warrants for Carter but there was an active warrant for an individual named "Brian Perry." The police officers later would claim that they thought Brian Perry was in the vehicle in part because a law enforcement computer record, commonly referred to as LEADS, indicated that there was a wanted person "associated

with the registered owner of the vehicle." The officers claimed that they thought Carter was Brian Perry, at least initially.

{¶ 3}   Perry was described as a white male, 5 foot 10 inches tall, 250 pounds, with brown hair and hazel eyes.  Carter provided a state issued identification card to police, which indicated that he was about 2 inches taller than Perry and 40 pounds heavier than Perry.

{¶ 4}   While one police officer returned to his cruiser to check the accuracy and legitimacy of the identification card, two other officers who had responded to the situation were keeping an eye on Carter.  The officers later claimed they saw Carter pull a bag of marijuana from his pocket and then quickly attempt to return the marijuana to his pocket.

{¶ 5}   The officers decided to arrest Carter. They then searched him and found two packages of heroin in his pockets.

{¶ 6}   At no time did the officers have an arrest warrant for Carter or a search warrant for his person.

{¶ 7}   Warrantless arrests and searches are considered per se unreasonable for purposes of the Fourth Amendment of the United States Constitution (and the basis for a motion to suppress) unless one of the well-delineated exceptions for the requirement of a warrant applies to the factual situation. *See Katz v. United States*, 389 U.S. 347 (1967).

{¶ 8}   Because of the information at their disposal, the officers had a legitimate reason to pull the vehicle over and determine if the passenger was the person for whom an active warrant had been issued. The officers had the right to request identification and remove the passenger from the vehicle for purposes of viewing him; both in order to determine if he was the person who should be arrested. Appellant does not seem to challenge the legitimacy of that right of the police officers.

{¶ 9}   Appellant argues, however, that once he had provided a document which on its face seemed to be a state issued identification card for Allen Carter, not Brian Perry, the right of the police officers ended and the police activity became an unlawful arrest and/or seizure. We cannot find that a brief delay occasioned by the police trying to verify the legitimacy of an identification document turns a lawful police encounter into an unlawful seizure or arrest. As a result, we do not find that the trial court erred by overruling the motion to suppress.

{¶ 10} The sole assignment of error is overruled. The judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

TYACK and SADLER, JJ., concur.

_____